# Exhibit A

Fulton County Superior Court
***EFILED***MH
Date: 2/7/2019 1:07 PM
Cathelene Robinson, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| Todd Rowan | ) Case No.: 2019CV316217 |
|---|---|
| **Plaintiff,** | |
| vs. | |
| Dubber, Inc. | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

James E. Voyles, Esq.
The Voyles Law Firm, P.C.
600 Village Trace, Suite 200
Marietta, Georgia 30067

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___2/1/2019___ day of _____, 20 ___

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20___

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **TODD ROWAN,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action File No:** 2019CV316217 |
| ) | |
| v. ) | |
| ) | |
| **DUBBER, INC,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DAMAGES

This action is brought by Todd Rowan ("Mr. Rowan" or "Plaintiff") against Dubber, Inc. ("Dubber" or "Defendant") seeking damages and equitable relief from this Court and alleges the following:

## JURISDICTION AND VENUE

1.

The Plaintiff is a citizen of the United States and resides in the State of Georgia.

2.

The Defendant is an Australian corporation registered to do business in the State of Georgia.

3.

At all times relevant to the allegations in the complaint, the Defendant maintained an office and regularly transacted business in Atlanta, Fulton County, Georgia.

4.

Jurisdiction and venue are proper in this court pursuant to O.C.G.A. § 15-6-8 and O.C.G.A. § 9-10-93, respectively.

5.

The Defendant may be served through its registered agent, Business Filings Incorporated at 289 S. Culver Street, Lawrenceville, Georgia 30046.

## INTRODUCTION

6.

Plaintiff began working for the Defendant in April 2017.

7.

The Defendant engages in, among other things, providing sophisticated communications systems software to businesses and corporations in Georgia and other states.

8.

The Plaintiff was employed by the Defendant as a Vice President of sales. The Plaintiff's job was to call upon various corporations in Georgia and various other states to solicit clients for the Defendant.

9.

The Plaintiff was terminated from the Defendant in October 2018.

10.

The Plaintiff secured contracts on the Defendant's behalf with several corporations

in Georgia and other states.

11.

The contracts secured by the Plaintiff provided, among other things, that the Defendant would be paid a fee from its clients.

12.

The Plaintiff, in turn, was to be paid severance pay upon termination, and commissions from the Defendant based upon an agreed salary and commission schedule as outlined in 2017.

13.

From 2017 through 2018, the Defendant was enjoying extraordinary growth largely because of Plaintiff's work.

14.

Defendant retained the right to collect fees many of the clients that the Plaintiff procured on its behalf despite having terminated Plaintiff's employment.

15.

The Plaintiff is owed commissions from the Defendant based upon fees the Defendant received, and is receiving, from clients the Plaintiff secured on its behalf and the wage and commission schedule. Plaintiff is also owed severance pay based on the promises made to him during the pre-hire process and his employment agreement.

## FACTS RELEVANT TO ALL CLAIMS

16.

Plaintiff was recruited by Defendant through Searchlogix.

17.

John Butler was the recruiter.

18.

On behalf of Dubber, Butler conveyed specific commitments verbally, written in email, and in the offer letter presented to Plaintiff.

19.

Terms concerning Plaintiff's role, compensation, and severance package at Dubber were presented in the recruiting period.

20.

These commitments led Plaintiff to accept the Dubber's sales position.

21.

Plaintiff reasonably and fully relied in good faith on what he was told by Defendant.

22.

Plaintiff reasonably believed that Defendant was truthful, and that Defendant's promises made to him were concrete, definite, and enforceable.

## BACKGROUND FACTS

23.

Plaintiff was contacted by Dubber's recruiter and agent, John Butler in March 2017.

24.

Mr. Butler advised Plaintiff that he was recruiting for a position for an Executive Sales position for an Australian-based company, Dubber, Inc.

25.

Plaintiff was told that sales executive would report to James Slaney.

26.

The basic salary was low for a person with Plaintiff skills and experience.

27.

Mr. Butler and James Slaney persisted in telling Plaintiff about a lucrative commission and ESOP package which would guarantee Plaintiff earnings commensurate with his past compensation.

28.

Plaintiff was informed via email, that a number of large customers were "going live" in 2017 and based on the compensation package of revenue plus bonus for new service providers being signed up Plaintiff could count on achieving a total On Target Earnings (OTE) of $300,000 USD plus the value of shares under Dubber's ESOP Plan.

29.

Dubber's representatives intentional overpromised and under-delivered on the scope of the role and the compensation that went with it in its haste to recruit Rowan.

30.

During his employment, Plaintiff was continually presented with the excuse that,

"the company is not used to paying commissions" to explain why he was not receive proper payment.

31.

Plaintiff's attempts to address the commission calculations and timings of payment was continually met with resistance or no response at all.

32.

In the United States, Dubber is a start-up company.

33.

During the hiring process, Dubber agreed that if Plaintiff were ever terminated for any reason, other than cause, that Plaintiff would be paid the equivalent of one-year's salary and health insurance benefits as severance.

34.

Ultimately, Plaintiff was given an offer letter to sign and was signed. The offer's salary section provides a target earnings level of $300,000 USD which started with Plaintiff's base salary of $180,000 USD.

35.

The compensation would exceed $300,000.00 USD level through a combination of commissions, MBOs and an employee Share Option Program (ESOP).

36.

When Plaintiff joined Dubber he was told his position was to replicate the build out of the Americas similar to what James Slaney and Nick Atkin did in the UK.

37.

Along with Plaintiff's sales accomplishments, Plaintiff was also entitled to Stock Shares.

38.

This is a core part of the reason he came to work for Dubber.

39.

He earned these shares which have a current value of approximately $32,000 but they have not been transferred to him.

40.

To date, Plaintiff has not been paid for his expenses and accrued vacation and sick leave.

## COUNT I
## BREACH OF CONTRACT

41.

Plaintiff repeats the allegations in paragraphs 1 through 40 and further alleges the following.

42.

In or about April 2017, the parties entered into an employment agreement memorializing, among other things, the amount of salary and commissions the Plaintiff would be entitled to receive from the Defendant as well as the severance pay commitment.

43.

The Plaintiff has complied with all conditions precedent to the employment agreement.

44.

The Defendant has received fees from clients procured by the Plaintiff.

45.

The Plaintiff is entitled to commissions from fees the Defendant has received from clients he procured.

46.

The Plaintiff is entitled to commissions from the Defendant for fees that Dubber has received from clients Plaintiff procured.

47.

The Defendant is in breach of the employment agreement in that it has not paid severance pay to Plaintiff, commissions that are owed, or shares of stock promised to Plaintiff in Dubber's ESOP Plan.

48.

The Plaintiff has suffered damages as a result of the Defendant's breach.

49.

Plaintiff is informed and believe, and based hereon, that in addition to the practices enumerated above, Defendant may have engaged in other unlawful practices against him

which are not yet fully known. At such time as such unlawful practices become known, Plaintiff will seek leave of Court to amend this Complaint to include such practices.

50.

As a further, direct and proximate result of Defendant's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to obtain his rightful attorney's fees caused by Defendant's actions when the same shall be fully and finally ascertained. Plaintiff request that attorney's fees be awarded.

51.

Plaintiff is informed and believe and based thereon, allege that the outrageous conduct of Defendant described above was done with malice and oppression; with a conscious disregard for his rights; and with intent, design and purpose of injuring him. Defendant Dubber through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of their officers and managers who will be identified in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum to be proved at trial.

## COUNT II
## FRAUD

52.

Plaintiff repeats the allegations in paragraphs 1 through 51 and further alleges the

following.

53.

Defendant knowingly made false and negligent representations to Plaintiff.

54.

Defendant had knowledge that the false and/or negligent representations it was making were false.

55.

False representations were made to induce the Plaintiff to act in reliance on the representations.

56.

Plaintiff was justified in acting on Defendant's representation.

57.

Defendant was aware that Plaintiff would likely believe its misinformation and accept his job offer believing Defendant would honor the employment agreement it made to Plaintiff.

58.

Plaintiff was damaged because of Defendant's false representations.

59.

Plaintiff is informed and believe, and based hereon, that in addition to the practices enumerated above, Defendant may have engaged in other unlawful practices against him which are not yet fully known. At such time as such unlawful practices become known,

Plaintiff will seek leave of Court to amend this Complaint to include such practices.

60.

As a further, direct and proximate result of Defendant's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to obtain his rightful attorney's fees caused by Defendant's actions when the same shall be fully and finally ascertained. Plaintiff request that attorney's fees be awarded. Plaintiff has also suffered emotional distress and is entitled to damages for the same.

61.

Plaintiff is informed and believe and based thereon, allege that the outrageous conduct of Defendant described above was done with malice and oppression; with a conscious disregard for their rights; and with intent, design and purpose of injuring him. Defendant Dubber through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of their officers and managers who will be identified in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum to be proved at trial.

## COUNT III
## DETRIMENTAL RELIANCE ON DEFENDANT'S REPRESENTATION; ESTOPPEL BY WORD AND CONDUCT

62.

Plaintiff repeats the allegations in paragraphs 1 through 61 and further alleges the

following.

63.

Plaintiff had a justifiable right to rely upon the misrepresentation made to him by Defendant.

64.

Plaintiff exercised reasonable diligence to ascertain the truth, but Defendant skillfully hid the true facts from him.

65.

As a result of the untrue representations made by Defendant, Plaintiff was materially damaged.

66.

Plaintiff is informed and believe, and based hereon, that in addition to the practices enumerated above, Defendant may have engaged in other unlawful practices against him which are not yet fully known. At such time as such unlawful practices become known, Plaintiff will seek leave of Court to amend this Complaint to include such practices.

67.

As a further, direct and proximate result of Defendant's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to obtain his rightful attorney's fees caused by Defendant's actions when the same shall

be fully and finally ascertained. Plaintiff request that attorney's fees be awarded. Plaintiff is also entitled to an award of emotional distress damages.

68.

Plaintiff is informed and believe and based thereon, allege that the outrageous conduct of Defendant described above was done with malice and oppression; with a conscious disregard for his rights; and with intent, design and purpose of injuring him. Defendant Dubber through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of their officers and managers who will be identified in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum to be proved at trial.

## ATTORNEYS FEES AND EXPENSES UNDER O.C.G.A. §9-15-14

69.

Plaintiff repeats the allegations contained in paragraphs 1 through 68 and further alleges the following.

70.

The Defendant has no substantial justification or legal grounds for refusing to pay commissions owed to the Plaintiff, severance pay, and shares of stock pursuant to Dubber's ESOP Plan.

71.

The Defendant's actions in refusing to make the above payments are intended to delay and harass the Plaintiff, entitling him to an award of attorney's fees.

Todd Rowan vs. Dubber, Inc.
Superior Court of Fulton County; State of Georgia
*Complaint for Damages*
*Page 13 of 14*

WHEREFORE, the Plaintiff respectfully requests the following:

1) That the Defendant be served as required by law;

2) That the Plaintiff recovers past due commissions, severance pay and equity from the Defendant, plus interest;

3) That the Plaintiff recovers all monies due from the Defendant, plus interest;

4) That the Plaintiff recovers costs and attorney's fees from the Defendant pursuant to O.C.G.A. §9-15-14;

5) That the Plaintiff has a trial by jury; and

6) That the Plaintiff recovers any and all other damages or relief that the Court deems appropriate.

Respectfully submitted this the 1st day of February 2019.

/s/ James E. Voyles
James E. Voyles
Ga. Bar No. 729016
The Voyles Law Firm, P.C.
600 Village Trace, Suite 200
Marietta, Georgia 30067
(770) 999-6700 (office)
(770) 999-6701 (fax)
jvoyles@voyleslaw.com

*Counsel for Plaintiff*